UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|   | ) |
| Plaintiff, | ) |
|   | ) |
| v. | ) Cause No.:1:22-cv-01311 |
|   | ) |
| $59,880.00 UNITED STATES CURRENCY, | ) |
|   | ) |
| Defendant. | ) |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

## NATURE OF THE CLAIM

1. The United State of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is fifty-nine thousand, eight hundred and eighty dollars in United States Currency ("$59,880.00," or "Defendant Property") (Asset Identification Number 20-CBP-00828).

## FACTS

6. On September 24, 2020, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the

commonality of this practice, task force officers are trained to identify indicators of suspicious packages. Suspicious packages are typically sent via overnight priority shipping and paid for with cash. Smugglers will often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions, as do parcels sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8. During the course of operation, a package being shipped by a parcel service with a shipping label attached reflecting a tracking number of 3971 2128 9572 ("Parcel 9572" or the "Package"), was identified as suspicious. Parcel 9572 was addressed to Vapor Shop, Attn: JFK, 2428 Newport Blvd. #4, Costa Mesa, CA 92627; with no phone number. The sender was identified as John Franklin Vouros, 4440 Willard Ave. Apt 412, Chevy Chase, MD 20815; Telephone number XXX-XXX-9932.

9. Parcel 9572 drew the attention of officers and was deemed suspicious for several reasons. First, Parcel 9572 was a new parcel box with extra external tape. Parcel 9572 was sent using overnight shipping and paid for with cash. The parcel was shipped from a Federal Express facility in Maryland, and an individual to a business. The parcel was being shipped to a source state (California). The parcel also did not have a person or phone number listed for the receiver.

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel

9572 and other packages. The drug detection canine indicated there was a controlled substance odor emitting from Parcel 9572. The drug detection canine was certified in September, 2020 and has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

11. IMPD officers applied for a search warrant to inspect Parcel 9572 based on the suspicious nature of the package and the certified drug detection canine's positive indication. On May 3, 2021, a Marion County Superior Court judge granted the search warrant upon a finding of probable cause.

12. On September 24, 2020, Task Force Officers executed the search warrant and opened Parcel 9572. Upon opening parcel 9572, officers found it was a newly purchased sealed box with extra external tape. Inside Parcel 9572, officers found a sealed "pelican type" box that contained four (4) heat and vacuum sealed plastic bags all which contained stacks of U.S. Currency. As discussed in Paragraph 7 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.











13.     After the package was opened, officers used the certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine gave a positive indication of narcotic odor, indicating that the $59,880.00 possessed the threshold-controlled substance contamination. The certified drug detection canine is trained not to detect uncontaminated currency.

14.     As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the $59,880.00 was seized and taken into custody by ISP. The currency was converted to a cashier's check number 9143718677 and remained in the custody of ISP pending the signing of a turnover order by a Marion County Superior Court judge in Indianapolis, Indiana.

15.     Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 9572. It was determined that the sender Vouros showed no derogatory information related to him or his address. The search was also negative for anyone matching the Vouros name on the parcel. A query on the phone number listed for

Vouros found no identifying information associated.

16. A search of the recipient address 2428 Newport Blvd. #4, Costa Mesa, CA 92627, is a business called the Vapor Shot. The business specializes in vape smoking apparatus and consumables.

17. On May 3, 2021, a Marion County Superior Court magistrate judge issued an order transferring the Defendant Property to the appropriate federal authority. The Defendant Property was transferred from ISP to DHS-CBP on May 24, 2021.

18. DHS-CBP sent notice to the sender and recipient on August 24, 2021, to address the matter through administrative proceedings. The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for review. DHS-CBP confirmed that the letters had been delivered to the sender and the receiver. To date, neither John Franklin Vouros or Vapor Shop have contacted DHS-CBP.

19. It is against United Postal Service policy, as stated on its website, to ship cash via United Postal Service. *See* List of Prohibited and Restricted Items for Shipping, *available at* https://www.ups.com/us/en/support/shipping-support/shipping-special-care-regulated-items/prohibited-items.page

### PERTINENT STATUES

20. Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

21. Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance

Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to 21 U.S.C. § 881 (a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

22.     Based on the factual allegation set forth above, the Defendant Property is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this court deems just and proper.

ZACHARY A. MYERS
United States Attorney

By:   *s/Kelly Rota*
Kelly Rota

Assistant United States Attorney
Office of the United States Attorney
10 W Market St., Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, S/A Luther Selby, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 6/6/2022

Special Agent, HSI